MELCHIOR, ARMSTRONG & DESSAU, PLAINTIFFS AND APPELLEES, *v.* M. DEFENDINI & CO. ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 2315.—Decided July 12, 1921.

CURRENT ACCOUNT—DEFAULT.—In an action to recover the balance of a current account the clerk of the court may enter a default judgment against the defendant at the proper stage of the case and failure to allege in the complaint that the defendants admitted the balance due does not deprive the action of its character of a claim arising from an agreement to pay a sum of money.

APPEAL—DEFAULT.—An appeal from an order refusing to open a default will be
dismissed if the appeal was taken after the ten days allowed by subdivision
3 of section 295 of the Code of Civil Procedure within which to appeal from
orders entered after judgment.

The facts are stated in the opinion.

Messrs. *J. J. Aponte* and *L. Tormes* for the appellants.

Messrs. *J.* and *A. S. Poventud* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Melchior, Armstrong & Dessau, Inc., brought an action
in the District Court of Ponce against M. Defendini & Co.
and Mateo Defendini individually, alleging that the defend-
ants are a general mercantile partnership which at present
has no property, Mateo Defendini being its managing partner;
that M. Defendini & Co. and its managing partner, Mateo
Defendini, owe to the plaintiff the sum of $2,538.67 as the
balance of an account up to January 1, 1920, for cash and
goods furnished to the defendant partnership for its benefit
and at the request of the defendant and its said partner from
November 1, 1920, to January 1, 1920, on current account
with the plaintiff, the account having been rendered and
passed to the said defendants on several occasions before
the action was brought without any objection thereto what-
soever on their part, they owing also interest at the legal
rate on the said sum from the time of bringing the action
until paid, and that the said sum of $2,538.67 has not been
paid to the plaintiff wholly or in part by any person. The
complaint concludes with a prayer that the mercantile part-
nership of M. Defendini & Co. and its managing partner,
Mateo Defendini, be severally adjudged to pay the said
$2,538.67, with interest at the legal rate from the date of
the filing of the complaint, and the costs.

The complaint was filed in the court on May 15, 1920,
and on the same day Mateo Defendini was summoned in
Ponce individually and for M. Defendini & Co. On May 29,
following, at the instance of the plaintiff, the clerk entered

the default of the defendants because of their failure to appear in the action to answer the complaint, and on the same day the clerk entered a default judgment against M. Defendini & Co. and against Mateo Defendini individually for the payment by them severally of the sum claimed, with interest at the legal rate from the date of the filing of the complaint.

On the 1st of June, following, the defendants moved the court to open the default entered against them on the ground of mistake and inadvertence in that they believed that they had twenty days within which to answer because they were residents of Guayama. The motion was overruled by an order of the court of June 30, 1920, of which notice was given to the parties on the same day, and thereupon the defendants appealed from the judgment and also from the order refusing to open the default, the latter appeal having been filed in the office of the secretary of the court on the 19th of July.

In the appeal from the judgment the appellants assign as error that the judgment entered by the clerk of the court is null and void and without lawful effect because it was entered in open violation of subdivision 2 of section 194 of the Code of Civil Procedure.

The first two subdivisions of that section provide that if the defendant fail to answer the complaint, judgment may be entered as follows: 1st, by the clerk in actions arising upon contract for the recovery of money or damages only; 2nd, by the court in other actions.

In the present case the clerk entered the judgment against the defendants and the ground on which the appellants contend that it was incumbent upon the court to render the judgment and that its having been entered by the clerk was a violation of subdivision 2 of the said section is that this is not an action arising upon a contract for the recovery of money or damages only, but an action on a current account which was neither accepted nor rejected by the defendants, for which reason they are of the opinion that after their

default was entered the plaintiffs should have moved the court for judgment according to the prayer of the complaint.

It appears from the complaint that the sum claimed as the balance of the account proceeds from money and goods furnished by the plaintiffs to the defendants, which implies an agreement to return the former and pay for the latter; therefore the action is among those in which the clerk may enter judgment against the defendants in default, and failure to allege acceptance of the balance by the defendants does not change the nature of the action from one for the recovery of money on a contract, wherefore there was no infraction of subdivision 2 of section 194 cited.

The third error assigned refers also to the judgment and is based on the allegation that the judgment is inconsistent with the complaint, inasmuch as the latter sets forth that the current account extends from the 1st of November, 1920, to the first of January, 1920, while the summons recited that it ran from November, 1912, to January 1, 1920.

It is true that in the complaint filed on May 15, 1920, an evident mistake is committed in saying that the current account runs from the 1st of November, 1920, to the 1st of January, 1920, but the judgment is silent about this and, therefore, is not inconsistent with the complaint. The inconsistency is between the complaint and the summons in which it was stated that the account was opened in November, 1912, but this in no manner affects the substances of the claim.

The second and fourth errors assigned by the appellants refer to their appeal from the order refusing to open the default, but we shall not consider them because we must dismiss that appeal for the reason that it was taken after the ten days allowed by subdivision 3 of section 295 of the Code of Civil Procedure within which to appeal from orders entered after judgment, thus sustaining the motion for dismissal on that ground made by the appellees in their brief. *Rivera* v. *Martínez,* 27 P. R. R. 439.

For all of the foregoing reasons the judgment appealed from must be affirmed and the appeal from the order of June 30, 1920, is dismissed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.